### FIELD v. SCHRICHER *et al.*

1. APPEAL: BOND. The condition of a bond filed in a cause in which an appeal was taken from the judgment of the District Court, was as follows: "The condition of this obligation is such, that if the above bounden Lorenzo Schricher, H. Darlington, and Wm. Henry Darlington, or either of them, shall pay the judgment rendered against said defendants in the above case, and all damages and costs which may be awarded against them, and otherwise obey the orders of the court on an appeal taken from said judgment, to the Supreme Court of Iowa this day, then this obligation to be null and void, otherwise to be of full force and virtue:" *Held,* That it should be construed as a statutory appeal bond, and not as an absolute obligation to pay the judgment.

2. RULES OF CONSTRUCTION. In the construction of contracts the subject matter, the situation of the parties, and their purpose and intention in making the contract, are to be considered. The courts will bring it as near the actual meaning of the parties as the language employed, when properly construed, and the rules of law, will permit.

*Appeal from Scott District Court.*

MONDAY, OCTOBER 20.

PLAINTIFFS declare upon the following bond:

| "MARY FIELD *et al.* v. JOHN JOHNSON *et al.* | In the District Court of Scott Co., Iowa, Judgment for $1,779. |
|---|---|

" Know all men by these presents, that we, L. Schricher, Howard Darlington, and William Henry Darlington, are held and firmly bound to Mary Field *et al.*, plaintiffs in the above case, in the sum of four thousand dollars, to which

payment, well and truly to be made, we bind ourselves, our heirs, executors and assigns.

" The condition of this obligation is such that if the above bounden L. Schricher, H. Darlington and William Henry Darlington, or either of them, shall pay the judgment rendered against said defendants in the above case, and all damages and costs which may be awarded against them, and otherwise obey the orders of the court, on an appeal taken from said judgment to the Supreme Court of Iowa this day, then this obligation to be null and void, otherwise of full force and virtue."

This bond was signed by all the obligors named, and for the purposes of the present case is treated as approved by the clerk, and filed January 31, 1859. It is averred that the case named in the bond was that of Mary and Edward Field, against Johnson, Imfey, Howard Darlington and Dillon, in the Scott District Court for the foreclosure of a mortgage—that by the writing obligatory, defendants covenanted to pay plaintiffs four thousand dollars on demand. It is further averred that said writing had a condition thereunder written, (setting it out,) that though a reasonable time had elapsed, defendants have not paid said judgment, and for further breach that said Johnson did appeal said cause to the Supreme Court, and on the 27th of June, 1859, said court dismissed said appeal, and affirmed said judgment for the sum of $1,600—and did command, &c.— which sum of $1,600 defendants have failed to pay.

The cause was referred to John N. Rogers, Esq., before whom, on the 29th of May, 1861, an answer was filed, the first clause of which was, in substance, this: That said bond was given in an appeal from the judgment of the District Court; that it was the intention of the defendants to make an appeal bond; that one of them drew it, and undertook to draw such bond, conditioned, &c., but that by mistake drew it as set forth in the petition; that it should

have no further effect; that it was drawn by mistake, and executed by oversight.

Plaintiff demurred to this clause: 1. Because the intention of the instrument is to be gathered from its contents, and the intention stated does not appear from its face; 2. Because the mistake of the obligors alone is no bar to plaintiffs' right to recover. The referee overruled the demurrer, holding that the instrument imposed only the obligations provided by statute in reference to appeals, and was not an absolute undertaking to pay the judgment therein recited—and that, as from the exhibits attached, the appeal was dismissed at the costs of the appellees, they had no remedy upon the bond. This ruling was sustained in the District Court. Plaintiffs stand upon their demurrer and appeal.

*Grant & Smith* for the appellant.

"The correction of mistakes in written instruments belongs to equity alone." Adams Eq., 168, (marg.) "The *prima facie* presumption of the law is that the written contract shows the ultimate intention, and that all previous proposals or arrangements, as far as they may be inconsistent with that contract, have been deliberately abandoned." Adams Eq., 169, (marg.) Though the bond is not in compliance with the statute, it is a good common-law bond even when voluntarily made. *Gathwright* v. *Calliway*, 19 Mo., 663; *Parks* v. *State*, 4 Georgia, 329, and cases cited; *Nunn* v. *Goodlett*, 5 Eng. Ark., 89. And the defendants are estopped from denying that there was a judgment as set out. *Smith* v. *Whitaker*, 11 Ill., 417.

*Dow & Brown* and *Davidson & True* for the appellees.

WRIGHT, J.— Appellants in this court discuss but one question—maintaining that the instrument sued on is not, upon its face, an ordinary statutory appeal-bond, and that,

where there is no ambiguity, we cannot go beyond the writing, but must look to the paper itself for its exposition.

The statute in force at the time this bond was given, provided that it should be "conditioned that if the judgment appealed from, or any part thereof, is affirmed, or judgment rendered against him in the Supreme Court, the appellant will pay the judgment and all the damages and costs which may be awarded against him, and otherwise obey the orders of the court." (Code, § 1983.) A bond conditioned substantially in compliance with this requirement would unquestionably be good, and could be recovered upon as imposing the statutory obligation. And while it is true, as claimed by appellants, that in construing a paper we are to look to the paper itself, and cannot look to surrounding circumstances, "to make that uncertain which is plain," it is equally true that what a contract means is a question of law,—that in giving it a construction the first point is to ascertain what the parties meant. In arriving at this meaning, a few leading rules have been established, which may be stated. The subject matter of the contract is to be fully considered. Equally important is it to know the situation of the parties, and of the property, as also the purpose of the parties in making the contract, "for the purpose and intention will be carried into effect, so far as the rules of language and law will permit." In determining the meaning of any or all its parts, the whole contract is to be considered. Said Lord ELLENBOROUGH in *Barton* v. *Fitzgerald*, 15 East., 541: "It is a true rule of construction that the sense and meaning of the parties, in any particular part of an instrument, may be collected, *ex antecedentibus et consequentibus;* every part of it may be brought into action, in order to collect from the whole one uniform and consistent sense, if that may be done." But finally, it must be remembered that the rule "is not that the court will always construe a contract to mean that which the

parties to it meant; but rather that the court will give to it that construction which will bring it as near to the actual meaning of the parties as the words they saw fit to employ, when properly construed, and the rules of law will permit. In other words, courts cannot adopt a construction of any legal instrument, which shall do violence to the rules of language or law. Words must not be forced away from their proper signification to one entirely different, although it might be obvious that the words used, either through ignorance or inadvertence, expressed a very different meaning from that intended."

Applying these familiar rules, and looking alone at the terms of this bond, can there be any fair room for doubt as to what the parties intended? It seems to us not. Plaintiffs say that the obligors by their bond undertook to pay the judgment referred to without any contingency. This is not our construction, but that they undertook to pay it if it was affirmed in the Supreme Court. In other words, if the judgment recited had been reversed and set aside in the appellate court, defendants would not be compelled to pay it, because of the language used in the bond.

We must look at the language used, and its connection. There is a palpable and gross inconsistency in saying that defendants are unconditionally and beyond all contingency liable to pay a judgment which they were in the very act of removing to the Supreme Court for review, because of alleged errors therein contained. Then the whole language and connection shows that they were providing for a future judgment or ultimate liability. The words employed are, " shall pay the judgment rendered against said defendants in the above case, and all damages and costs which *may be* awarded against them, and otherwise obey the orders of the court, on an appeal taken from said judgment to the Supreme Court of Iowa, this day." Plaintiffs' construction makes defendants liable for the judgment at once, what-

ever the result of the appeal, and then contingently liable for the damages and costs upon an appeal, which they had rendered practically useless and unnecessary by their prior unconditional undertaking. Now, if the words "to be" or "that may be" were inserted between "judgment" and "rendered" in the first line above quoted, all possible room for doubt would be removed. And the construction is to our minds no less clear, when the whole language is considered.

As assisting this view a few additional facts may be mentioned. The bond was filed with the clerk, and approved by him. As construed by appellant, it had no place in his office, nor was it any part of his duty to approve it. Not only so, but this construction makes it an anomaly. There is no statute anywhere providing for or recognizing any such bond. If not an appeal bond, it can only have force and effect as a common law undertaking. And when, from the language used, a legitimate statutory object and purpose can be seen to have been intended, it will not be presumed that the parties voluntarily made a bond only good at common law. Then, an appeal was taken on the day of the date of the bond, from the very judgment named, and the transaction is entirely inexplicable except upon the hypothesis that this was an appeal-bond, given to stay the execution of the judgment. It is not a case of mistake or oversight, notwithstanding it is so spoken of in the answer. But a case *where* the parties were about to take an appeal, and desired to file a supercedeas bond—where they have filed an obligation which is of that character, essentially and in substance, when considered in the light of its subject matter, the situation and purpose of the parties, and in its whole scope and meaning, notwithstanding it may fail to use the very words, or all the words, of the statute.

The judgment is                                    Affirmed.