LUDOWICI-CELADON COMPANY, Appellant, v. GEORGE A. NETCOTT et al., Appellees.

BONDS: Right of Action by Third Party. Subcontractors are not secured by a bond which binds the principal contractor to full performance, and which contained nothing in its express terms which could be construed as operating in favor of the subcontractor.

*Appeal from Buchanan District Court.*—H. B. BOIES, Judge.

JULY 2, 1919.

ACTION by a subcontractor, for materials furnished, upon the bond given by the principal contractor to the property owner. A demurrer to the petition was sustained. The plaintiff, electing to stand upon its pleading, has appealed.—*Affirmed.*

*Cook & Cook,* for appellant.

*R. W. Hasner,* for appellees.

EVANS, J.—The principal contractor, Netcott, entered into a contract with the Independent School District of In-

dependence for the erection of a schoolhouse, for the contract price of $44,979.40. For a performance of this contract, he gave a bond for $16,000, which was duly accepted by the school district. The contention for the plaintiff is that the conditions of this bond, properly construed, require Netcott to pay for all labor and material used in the building. The only question presented is whether the bond will fairly bear such construction. The conditions of the bond were as follows:

"The conditions of the above obligations are such that whereas the said George A. Netcott, contractor, of the city of Independence, county of Buchanan and state of Iowa, has this day entered into a written contract with the said president and secretary, acting in and for the Independent School District of the county of Buchanan, state of Iowa, and their successors in office, for the erection and completion of a high school building, free from any liens for work done or materials furnished, on or before the first (1st) day of August, 1911, according to the contract hereto attached. Now, therefore, if the said George A. Netcott, general contractor, shall faithfully and fully comply with the above stipulations of said contract, then this obligation shall be void; otherwise, remain in full force and full virtue at law."

The contract itself contained the following provision:

"The independent district agrees to pay to the said George A. Netcott the sum of $3,600 when the building is up to grade, * * * the further sum of $4,481.46 when the building is completed; the balance of $4,497.94 * * * thirty-one (31) days thereafter, or at any time when the contractor furnishes to the said H. C. Chappell, president, and George S. Woodruff, secretary, receipts in full for materials and labor used in the construction of the said high school building."

We have held that, where the contract, in terms, con-

tains a promise on the part of the principal contractor to pay for all labor and material, and where the bond is conditioned upon the full performance of such contract, or when the bond, in terms, is conditioned upon the payment for all labor and materials, then the bond will be deemed to operate to the benefit of subcontractors, such being its manifest intent. *Baker & Co. v. Bryan,* 64 Iowa 561; *Hipwell v. National Surety Co.,* 130 Iowa 656, 661. On the other hand, in the absence of an express undertaking of such kind, either in the bond or in the contract, the bond will not operate to the benefit of subcontractors. *Green Bay Lumber Co. v. Independent School Dist.,* 121 Iowa 663.

It will be observed that there is nothing in the express terms of the bond itself which can be construed as operating in favor of subcontractors. The bond does, however, bind the principal contractor to the full performance of his contract. The plaintiff is, therefore, entitled to look to the express terms of the ·contract of the principal contractor. The provision thereof upon which plaintiff relies is that which we have above set forth. Under such provision, the independent district undertook to pay the balance due "thirty-one (31) days" after the completion of the building. The manifest purpose of this provision was to furnish an opportunity to subcontractors to present their claims, and to acquire quasi liens upon such balance due. The alternative provided is, in effect, that the district would pay such balance forthwith "at any time when the contractor furnishes * * * receipts in full for materials and labor used in the construction of the said building." There was no undertaking by the contractor to furnish such receipts. He could, therefore, at his option adopt such alternative, or abide the expiration of 31 days.

There is no fair room to contend that the bondsmen

of the principal undertook to secure the payment of subcontractors.    The judgment below is, therefore,—*Affirmed*.

LADD, C. J., PRESTON and SALINGER, JJ., concur.