C. F. IDDINGS COMPANY, APPELLANT, v. LINCOLN CONSTRUCTION COMPANY ET AL., APPELLEES.

FILED DECEMBER 26, 1920. No. 20653.

1. **Bridges:** MATERIALS: STATUTORY BOND: OBLIGATION OF SURETY. Labor and material entering into and actually used in the performance of a contract made under the provisions of section 3840,

Rev. St. 1913, is within the obligation of a surety company executing a bond pursuant to the statute.

2. ———: ———: ———. ———: A bond given under statute for construction of a public bridge will be construed in connection with the provisions of the statute authorizing it, and the obligors must consider coal furnished and used in carrying on the work as within the obligation of the bond.

3. ———: CONTRACTOR'S BOND: CONSTRUCTION OF STATUTE. Section 3840, Rev. St. 1913, is remedial in its nature, and must be liberally construed to give proper force and effect for the benefit and protection of labor and materialmen.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Halligan, Beatty & Halligan,* for appellant.

*Strode & Beghtol* and *W. E. Shuman, contra.*

ALDRICH, J.

The C. F. Iddings Company, a corporation, existing under and by virtue of the laws of Nebraska, brings this action against the Lincoln Construction Company, a copartnership, and the United States Fidelity & Guaranty Company as surety on the bond of the construction company, to recover $863, alleged to be due for material furnished by plaintiff and used by defendant in constructing a bridge over the North Platte river in Lincoln county. The bond was conditioned as follows: "Now if the said Lincoln Construction Company shall faithfully keep and perform each and every one of the stipulations and agreements contained in the said contract, plans, specifications and proposals at the time and in the manner therein specified and pay off and settle in full with the person or persons entitled thereto all accounts and claims that may become due by reason of laborers' or mechanics' wages, or for materials furnished or services rendered to said party of the first part in executing or performing the obligations of said contract, so that each of such persons may receive his just dues in that behalf, then this obligation to be void; otherwise to be and remain in full force and effect in law."

The finding of the trial court followed the principles laid down in *Nye-Schneider-Fowler Co. v. Bridges, Hoye & Co.*, 98 Neb. 27. In pursuing its course of reasoning the trial court held: "Under the rule announced in this state in the case of *Nye-Schneider-Fowler Co. v. Bridges, Hoye & Co.*, 98 Neb. 27, that the coal used by the defendant Lincoln Construction Company in generating steam to furnish power in the prosecution of the work of constructing said bridge and embankment did not enter into the construction of said bridge and embankment to the extent that the defendant United States Fidelity & Guaranty Company is liable therefor as surety on its bond, for the Lincoln Construction Company."

The trial court further found: "The defendant United States Fidelity & Guaranty Company, as surety for the plaintiff, is not liable under its bond for the coal so furnished by the plaintiff herein to the defendant, the Lincoln Construction Company, and used as herein set forth."

The bond sued upon was given in conformity with section 3840, Rev. St. 1913. It follows that the parties to this litigation executed and delivered a statutory bond; that the bond must be interpreted and construed in connection with the provisions of this statute; that this statute gives to the bond a certain legal effect that is as much a part of the bond as though its terms were incorporated therein. When a bond is given under authority of above statute in force when it is executed, if there is nothing to show a different intention of the parties, then it will be presumed the bond was executed as is by law provided. But a legislative enactment was not intended to import to an instrument an effect different than was intended by the parties. 9 C. J. 34, sec. 56.

In this connection section 3840, Rev. St. 1913, was enacted to meet a situation often arising where labor and materialmen are without protection by the mechanics' lien law. The proposition is to require contractors, in public works, to give bonds conditioned for faithful per-

formance of their duties. The practice is for these contractors to insure labor and materialmen against whatever loss they might sustain growing out of public work. 18 R. C. L. 881, sec. 9; *Knight & Jillson Co. v. Castle,* (172 Ind. 97) 27 L. R. A. n. s. 573, and note, 579. The obligation against the defendant surety company, it must be held, was pursuant to statute, section 3840, *supra.*

By virtue of the above discussion, labor and materials used in public works, whether furnished directly to a contractor or subcontractor, must be deemed within the obligation of a surety company under a bond executed pursuant to statute. The statute in this class of cases is the guide fixing the liability of the surety company, and we are constrained to follow it. The legislature intended to fix and did establish liability in a situation like the instant case, and to this extent *Nye-Schneider-Fowler Co. v. Bridges, Hoye & Co., supra,* by virtue of statute has no application. The bond sued upon in that case was given before section 3840, Rev. St. 1913, was enacted, and has no application to a suit on a statutory bond. *United States v. American Surety Co.,* 200 U. S. 197; *Brogan v. National Surety Co.,* 246 U. S. 257.

In this connection here we have bonds given under this statute, and they should be liberally construed to effectuate their purpose. Release of sureties, through mere technicalities, is not to be encouraged. The statute in question fixes liability of the contractor in furnishing coal for steam hoist. It is the spirit and intent of section 3840, *supra,* to obligate a surety company to pay for material which is "actually used in the erecting, furnishing, or repairing of the building or in performing the contract." To permit anything else would be to deny the statute an opportunity to function as per the intent and purpose of the legislature. *United States v. Massachusetts Bonding & Ins. Co.,* 198 Fed. 924.

The use of coal in question is essential in entering into public works. It would be impractical in modern construction, where it is necessary, to move large amounts

of dirt, to hoist iron structures, and to move heavy rocks, without operating a hoisting engine, and that takes coal. It would seem under a liberal construction that fuel so used was necessarily one of the component parts of this contract.

Section 3840, Rev. St. 1913, is in its nature remedial, and must be liberally construed to give proper force and effect in the protection of materialmen. It was error to hold that plaintiff, furnishing coal for the hoisting engine, could not collect from defendant surety company. The finding of the trial court refusing to impose liability upon defendant surety company is squarely against statutory provision, and for that reason, among others, this case must be reversed and remanded.

REVERSED.

LETTON AND SEDGWICK, JJ., not sitting.