PHILIP CAREY COMPANY, Appellee, v. MARYLAND CASUALTY COMPANY, Appellant.

**BONDS: Statutory Bonds—Estoppel to Deny.**  A bond given for the performance of a public building contract, and containing *some* of the conditions which the statute mandatorily prescribes for such a bond,—anything in any contract to the contrary notwithstanding,— will be deemed a statutory bond, with *all* the statutory conditions impliedly inserted therein.   (See Book of Anno., Vol. 1, Ch. 452.)

**BONDS: Statutory Bonds—Surplusage.**  Principle recognized that non-statutory conditions inserted in a statutory bond will be treated as surplusage.

**BONDS:** Statutory Bonds—Construction—Law Governing. A statutory
bond executed in a foreign state and delivered in this state will be
construed under the laws of this state.

**BONDS:** Statutory Bonds—Execution and Delivery in Foreign State.
A statutory bond which is executed and delivered in a foreign state
for the performance of a contract in this state will be construed
in accordance with the laws of this state when such was the in-
tention of the parties, as shown (1) by the nature of the transac-
tion, (2) by the subject-matter, and (3) by the attending circum-
stances.

**BONDS:** Statutory Bonds—Successive Actions By Several Benefici-
aries. A recovery on a statutory bond by one beneficiary consti-
tutes no bar to an action by another beneficiary to the extent of the
unexhausted penalty of the bond.

**Headnote 1:** 9 C. J. p. 35.  **Headnote 2:** 9 C. J. p. 35.  **Headnote 3:**
9 C. J. p. 9.  **Headnote 4:** 9 C. J. p. 9 (Anno.)  **Headnote 5:** 9 C. J.
p. 87 (Anno.)

*Appeal from Greene District Court.*—E. G. Albert, Judge.

JANUARY 12, 1926.

REHEARING DENIED, APRIL 9, 1926.

Action by a subcontractor to recover for materials furnished
to the contractor for a schoolhouse, against the surety on the
bond given by the contractor to the school district. On motion
of the plaintiff, the court struck out certain allegations of the
answer, and from this order the defendant appeals.—*Affirmed.*

*Miller, Kelly, Shuttleworth & McManus* and *J. A. Hender-
son,* for appellant.

*Graham & Osborn,* for appellee.

Vermilion, J.—It appears from the allegations of the
petition that the school district entered into a written contract
with L. W. Brown for the construction by the latter of a school
building for a contract price of $61,092, and
according to plans and specifications which
were expressly made a part of the contract.
Brown, with appellant as surety, executed a bond to the school
district, denominated a "Contractor's Bond," in the amount

1. BONDS: statu-
tory bonds: es-
toppel to deny.

of the contract price. The plaintiff furnished material to Brown which was used in the construction of the building, to the amount of $561, for which it has not been paid; and brings this action to recover that amount upon the bond. The contract, specifications, and bond are set out in the petition, as amended. The bond is, in part, as follows:

"Whereas, the principal has entered into a written contract dated February 5, 1920, with the obligee, for construction of a consolidated school building, excluding plumbing, wiring, heating, and ventilating, according to contract and specifications a copy of which is hereto annexed, and which contract is made a part hereof as fully as if recited at length herein: Now therefore, the condition of this obligation is such that if the principal shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract, then this obligation shall be void; otherwise to remain in full force and effect: Provided, however, that this bond is executed upon the following express conditions, the performance of each of which shall be a condition precedent to any right of recovery hereon; anything in the contract to the contrary notwithstanding."

Among the conditions so appearing in the bond, the fifth is as follows:

"That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of anyone other than the obligee herein named; * * *."

Chapter 347, Acts of the Thirty-eighth General Assembly, is in part as follows:

"That whenever any public body, board, committee, officer or other public representative now or hereafter empowered by law to enter into a contract, for and on behalf of the public, for the purpose of constructing any public building, or for the purpose of making any public improvement, or for the making of any additions thereto, or for the finishing, furnishing or repairing of any such buildings or public work, such body, board, committee, officer or other public representative, whenever the contract price is in excess of one thousand ($1,000) dollars, shall require as a condition prece-

dent to the making of such contract that the person, firm or corporation to whom the contract is awarded furnish and file a bond, as hereinafter provided, in a sum of not less than the contract price, the amount to be determined by those representing the public, signed by the contractor and a responsible surety company authorized to do business in Iowa, which bond shall run to said body, board, committee, or other public representative, for its use and benefit and for the use and benefit of all persons, firms and corporations who shall perform any labor or furnish any material, including fuel, in the carrying out of such public contract, and shall have as one of its conditions, the following paragraph:

" 'Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for subcontractors for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect.'

"The foregoing condition shall at all times be additional to those conditions and requirements now or hereafter required by statute to be a part of such bonds. The provisions and requirements of this act shall not be modified or annulled by contrary provisions in any such bond or contract.''

The allegations stricken from the answer on motion of the plaintiff are, so far as material on this appeal, to the effect: (1) That the bond was not intended to be, and was not, a statutory bond; that it was not executed under or by virtue of Chapter 347 of the Acts of the Thirty-eighth General Assembly, and such statute did not become a part of the bond; (2) that the bond was executed and delivered by defendant in the state of Missouri, and the liability of defendant thereon was governed by the laws of that state, and, under the laws of Missouri, there was no liability on the bond on the part of defendant to

plaintiff for material furnished to the contractor; and (3) that
the school district had recovered a judgment for $10,000 against
the defendant on the bond, which defendant had paid, and
thereby defendant's liability on the bond had been adjudicated;
and that defendant had performed all obligations assumed by it
by virtue of the bond.

I.   It is apparent that the bond does not, in terms, con-
form to the requirements of the statute.   It is the contention
of the appellant that the bond itself and the pleaded circum-
stances show that it was not intended as a statutory bond, and
that, since, by its terms, it is not conditioned for the payment
of persons to whom the contractor may be indebted for labor
or material used in carrying out his contract, and expressly
provides that no right of action shall accrue upon the bond to,
or for the use or benefit of, anyone other than the obligee, there
is no liability on the bond in favor of appellee.   Appellee, on
the other hand, contends that it is a statutory bond; that the
statute is to be read into it; and that, under the concluding
clause of the quoted statute, to the effect that the provisions
and requirements of the act shall not be modified or annulled
by contrary provisions of any such bond or contract, the limi-
tation of a right of action on the bond to the obligee alone is
ineffectual.

The chief reasons advanced in support of the contention
that the bond is not a statutory bond are that its terms and
conditions do not conform to the statute, and that it expressly
limits the right to recover thereon to the obligee, in contravention
of the statute.

Prior to the enactment of Chapter 347, supra, we had held
that, where a contractor's bond was not conditioned for the
payment of those who furnished labor and material, or where
it was conditioned for the faithful performance of the con-
tract, but the contract contained no promise on the part of the
contractor to pay subcontractors or those furnishing labor or
material, the latter had no right of action on the bond.   *Ludo-
wici-Celadon Co. v. Netcott*, 186 Iowa 730; *Carr & Baal Co. v.
Consolidated Ind. Dist.*, 187 Iowa 930.   The statute was mani-
festly designed to meet this situation, by requiring a bond

given by a contractor upon public construction work, where the contract price was in excess of $1,000, to be conditioned for the payment of subcontractors. If the statute went no further than this, there would be authority for saying that, where the bond was not so conditioned, it was not a statutory bond. But the statute further provides that the provisions and requirements of the act shall not be modified or annulled by contrary provisions of such bond or contract.

The bond was given by the contractor to the school district, the contract was expressly made a part of the bond, and the penalty of the bond was the contract price. The situation of the parties and the circumstances demanded the execution of the bond required by statute, and in these respects the bond conforms to the statute. The statute, among other things, requires the bond to be conditioned for the faithful performance of the contract by the principal, and that he "shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do." The bond in suit provides:

"That if the principal shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract then this obligation shall be void, otherwise to remain in full force and effect."

The bond in this respect and to this extent conforms to the statute.

We have, then, a situation of the parties requiring a statutory bond, and the execution of a bond between such parties for an amount and for a purpose in some respect such as the statute requires,—a bond which, to some extent, conforms to the statute, but which omits other provisions required by the statute, and negatives a liability expressly required by statute to be assumed. If we must say that, because of this omission, or because the bond limits the right to recover on it to the obligee, it is not a statutory bond, the same thing must be said of every such bond that fails to contain any provision required by the statute, and the mandate of the statute that its provisions and requirements shall not be modified or an-

nulled by contrary provisions in the bond is wholly ineffectual, and those furnishing labor and material to the contractor are precisely where they were before the statute was enacted, although it is expressly declared to be for the purpose of affording them additional security. If a bond that does not in all its terms conform to the statute is not a statutory bond, and if any material and substantial deviation in the bond from the requirement of the statute must result in its being held not to be a statutory bond, then, since the requirement that contrary provisions in the bond shall not modify or annul the statute applies only to a statutory bond, the purpose of the act is defeated, and it accomplishes nothing, so far as the additional security of subcontractors is concerned; for their rights must still rest on the expressed terms of the bond. But we have said:

"When, from the language used, a legitimate statutory object and purpose can be seen to have been intended, it will not be presumed that the parties voluntarily made a bond only good at common law." *Field v. Schricher*, 14 Iowa 119.

The statute provides that no contract coming within the provisions of the act shall be of any validity until the bond required has been executed. It is not to be presumed that the parties by the execution of the bond intended to work the invalidity of the very contract the performance of which the bond was given to secure, and which the parties here at all times recognized as valid. We think the true rule, under this statute, is that, where the situation is such as to require a statutory bond, and the bond given by the contractor conforms in material and essential respects to the requirements of the statute, the parties will be held to have intended to make a statutory bond, notwithstanding the omission from the bond of other conditions required by the statute, or the inclusion of stipulations contrary to the statute. We think the statute itself so provides.

"If the law has made the instrument necessary, the parties are deemed to have had the law in contemplation when the contract was executed." *Fogarty v. Davis*, 305 Mo. 288 (264 S. W. 879).

In many of the cases cited on behalf of appellant where

the bond was held not to be a statutory bond, it did not embody any of the requirements of the statute. In none of them was there involved a statute, such as ours, providing that provisions of the bond contrary to the statute should not modify or annul the requirements of the statute.

II. We have held that provisions in a statutory bond in addition to those required by statute will be rejected as mere surplusage. *Field v. Schricher,* supra; *United States F. & G. Co. v. Iowa Tel. Co.,* 174 Iowa 476; *Nebraska C. & M. Co. v. Freeman,* 197 Iowa 720; *Schisel v. Marvill,* 198 Iowa 725. See, also, *Duke v. National Sur. Co.,* 130 Wash. 276 (227 Pac. 2). As said in the *Duke* case, supra:

2. BONDS: statutory bonds: surplusage.

"The corollary to this rule is that, where the bond is a statutory one, the statutory conditions which are not expressed in the bond will be inserted therein."

Where a statutory bond is given, the provisions of the statute will be read into the bond. *Aaberg v. Minnesota Com. Men's Assn.,* 143 Minn. 354 (173 N. W. 708); *People v. Metropolitan Sur. Co.,* 211 N. Y. 107 (105 N. E. 99); *School Dist. v. Alameda Const. Co.,* 87 Ore. 132 (169 Pac. 507); *Nye-Schneider-Fowler Co. v. Roeser,* 103 Neb. 614 (173 N. W. 605); *Von Hoffman v. City of Quincy,* 71 U. S. 535 (18 L. Ed. 403); *Northern Pac. R. Co. v. Wall,* 241 U. S. 87(60 L. Ed. 905); *Gill v. Paysee* (Nev.), 226 Pac. 302; *Fogarty v. Davis,* supra; *Faurote v. State ex rel. Gordon,* 110 Ind. 463 (11 N. E. 472); *Lowe v. City of Guthrie,* 4 Okla. 287 (44 Pac. 198); *Iddings Co. v. Lincoln Const. Co.,* 105 Neb. 124 (175 N. W. 643). Again, and aside from this well recognized rule, it is the plain requirement of the statute itself that the provisions and requirements of the act shall not be modified or annulled by contrary provisions in the bond.

Viewing the bond as a statutory bond, and reading the terms of the statute into it, as we are required to do, it was clearly for the benefit of those who furnished labor or materials to the contractor; and the statute expressly authorizes an action thereon on behalf of such a party.

III. We do not understand it to be alleged or claimed

that the bond was delivered to the obligee in the state of Missouri, but only that it was there executed by the surety

**3. Bonds: statutory bonds: construction: law governing.** and delivered to the principal. Upon this assumption, there is no ground for saying that it is governed by the laws of that state. The contract of the bond was not completed until its delivery to, and acceptance by, the school district in Iowa. *Lord, Owen & Co. v. Wood,* 120 Iowa 303.

But, if the allegations of the answer are broad enough to cover a delivery of the bond to the obligee in Missouri, still the place where the parties agree upon the terms of the contract is not necessarily the place of the contract.

"The intention of the parties will prevail, and that intention

**4. Bonds: statutory bonds: execution and delivery in foreign state.** may be found in the nature of the transaction, the subject-matter of the contract, and the surrounding facts and circumstances." *Kellum v. Robinson,* 193 Iowa 1277.

The contract could only be performed in Iowa; and the bond given for its faithful performance was in pursuance of a statute of this state, and was an Iowa contract. *Inman Mfg. Co. v. American Cer. Co.,* 133 Iowa 71. Furthermore, the contract for the construction of the building, which was made a part of the bond, expressly provides that the law of the place of building shall govern the construction of the contract, and this provision became a part of the bond.

IV.   The recovery by the school district of its loss resulting from the failure of the contractor to perform his contract, so long as the penalty of the bond was not thereby ex-

**5. Bonds: statutory bonds: successive actions by several beneficiaries.** hausted, would not defeat the rights of a subcontractor to recover upon the bond, since, under the statute, it was given for the benefit, to the amount of the penalty, of both the district and those furnishing labor or material, and the subcontractor is expressly authorized to sue thereon.

We conclude that the rulings of the trial court in striking out the allegations of the answer, of which appellant complains, were correct.

The order appealed from is, therefore,—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.

ALBERT, J., takes no part.