JESSE T. UHL, Appellee, v. MAPLE VALLEY LUMBER COMPANY, Appellant.

**TENDER:** Insufficiency. An insufficient tender is the equivalent of no tender.

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

OCTOBER 23, 1923.

ACTION in equity, to quiet title to land and remove a mechanics' lien therefrom. The facts are sufficiently stated in the opinion. There was a decree in plaintiff's favor, and defendant appeals.—*Modified and affirmed.*

*Marks & Marks* and *Sam Page,* for appellant.

*Prichard & Prichard,* for appellee.

WEAVER, J.—The plaintiff, owning a farm upon which he desired to erect a house, barn, and garage, opened negotiations

with the defendant lumber company for the purchase of the necessary building material. An agreement was reached by which the company undertook to supply the required materials, of which a bill or list of items was prepared, to erect buildings after the pattern or model of certain other buildings then recently constructed by the company's agent or manager, one Keitges. A written memorandum was made and signed, which recited that Keitges undertook to "furnish material as per bills attached, and to furnish extra materials, if required, not to exceed $20, and to deliver the same, with freight paid, to Mapleton, Iowa." The agreed price for the materials so to be furnished was fixed at $3,900, payable $1,000 in advance, $1,000 when the house was inclosed, and the remainder when the job was completed. The buildings were erected, and the contract price to the amount of $3,000 was paid. When the work was done, the lumber company claimed that, after giving due credit for the payments made and for materials returned, there was still due from plaintiff a remainder of $1,376.51. On the other hand, it was the contention of plaintiff that defendant's undertaking was to furnish all the materials required to erect and complete the buildings for the price of $3,900; that in certain respects it had failed to perform its agreement, thereby imposing added expense upon plaintiff; and that, when due allowance was made for these matters, and when due credit therefor was given and account taken of the unpaid remainder of the contract price, there was left due and unpaid to the defendant no more than $560. The defendant refused a tender of that sum, and thereupon the plaintiff deposited in court the sum of $560, for the defendant's benefit, and began this action to cancel the lien; and defendant filed a counter petition for a foreclosure thereof. On trial of these issues, the court found due from plaintiff to defendant the sum of $751.05, and foreclosed the mechanics' lien therefor, subject, however, to the provision that, upon payment by plaintiff of the sum so found due, with interest at 6 per cent on $191.05, together with one half the costs of the case, the lien would be vacated and discharged. From this decree the defendant has appealed.

The record as presented upon this appeal is by no means clear or satisfactory. The so-called written contract appears to

embody no more than a partial or fragmentary statement of the agreement. Taken literally, and without parol explanation, the writing appears to be no more than a list or bill of specific items of lumber and building materials which the company agrees to furnish to the plaintiff for the stipulated aggregate price of $3,900. It contains no warranty or guaranty or representation that the items so furnished shall be all the lumber and materials needed or required for the several buildings, other than the company's undertaking to bear the expense of extra materials, if any be required, to the extent of $20, without added cost to the plaintiff.

Without stopping to review the showing of evidence for and against the claims and counterclaims of the parties, we think it clear that the agreement in controversy rests partly in writing and partly in parol; that, while it seems to have been the understanding of the parties that the buildings contemplated were to be erected after the pattern or model of certain other buildings then recently built by defendant's agent Keitges, and that the list of items was substantially all which would be required for that purpose, this seems to be no more than a mere estimate; and that defendant was not bound to make good any shortage therein at its own expense, beyond the stipulated margin of $20. Now, it is not possible from the record before us to ascertain the specific items of alleged shortage in the materials furnished by the defendant, nor to compute with exactness the cost and expense of the various changes in plans or the so-called "extras" so occasioned. Plaintiff concedes that he did make various minor changes in the construction of the buildings as the work progressed, for the expense of which he is willing to pay, but insists that for the most part such changes and extras required little, if any, added materials. The trial court appears not to have made of record any statement of the items of charge or credit allowed by it in computing the unpaid remainder due the defendant, and we confess our inability to make a satisfactory statement from the data furnished us. The agreed aggregate price of the listed items was $3,900, of which sum there has admittedly been paid $3,000, and plaintiff concedes and tenders a remainder of $560. The trial court found that the tender was insufficient, and that the remainder actually due was the prin-

cipal sum of $751.05.   As between the admitted aggregate credits
for payments made, together with the remainder found due by
the court, on the one hand, and the agreed price of the list or
bill of items on the other, there is a difference of $148.95 in
favor of the defendant.   If the trial court found, as was pos-
sible, that the balancing of claims and counterclaims for extras,
freights, and other minor items produced a margin in plaintiff's
favor sufficient to reduce defendant's recoverable remainder to
the sum for which a decree was rendered, we are not prepared to
say that such result is not justified.

We hold, however, that, it being found that the tender by
the plaintiff was insufficient, and it further appearing that pay-
ment under the original agreement became due and payable on
February 1, 1920, the decree appealed from should have pro-
vided for interest on the entire remainder of $751.05, computed
from that date to the date of the decree, and the costs of the
suit should have been taxed to the plaintiff.

The decree will, therefore, be modified accordingly.—*Modi-
fied and affirmed.*

Preston, C. J., Stevens and De Graff, JJ., concur.