VAN GORDER v. LUNDY ET AL.

1. **Mortgage**: SALE OF LAND: AGREEMENT TO PAY FIRST MORTGAGE: SEC-
OND MORTGAGE FOR PURCHASE MONEY: FORECLOSURE OF SECOND
MORTGAGE, AND JUDGMENT FOR MONEY DUE ON BOTH: PAYMENT OF
JUDGMENT: REDEMPTION: EQUITIES OF PARTIES. In 1831 L. mortgaged
his land, and in 1882 he sold it to F., who assumed the payment of the
mortgage, and made to L. a second mortgage for balance of purchase
price. L. foreclosed his mortgage, and obtained judgment against F.
for the amount due on both mortgages, and the land was sold to L. on
execution, but for enough only to pay so much of the judgment as was
based on the mortgage of F. to L. The residue of the judgment L.
assigned to G., to whom F. paid it under protest. L. assigned his cer-
tificate of purchase to M., who in turn assigned it to J. D. & Co. F.
afterwards paid to the clerk the amount necessary to redeem from the
sale, upon condition that it be applied to the payment of the first mort-
gage, for the foreclosure of which this action was then pending,—F. be-
ing a defendant in the action, and by cross-petition asking for appro-
priate relief in the premises. *Held* that plaintiff, the holder of the first
mortgage, was entitled to judgment against L. and decree of foreclosure
thereon; that F. was entitled to have the money in the hands of the
clerk applied, so far as necessary, to satisfy such judgment, and that the
residue of the money should be paid to J. D. & Co., the holders of the
certificate of purchase, and that the certificate should be canceled.

2. ———: CERTIFICATE OF PURCHASE AT FORECLOSURE SALE: NOT NEGO-
TIABLE. A certificate of purchase at a mortgage-foreclosure sale is not
negotiable, but it may be assigned, subject to prior equities against the
assignor.

3. ———: FORECLOSURE: PRESUMPTION OF OWNERSHIP FROM POSSESSION
OF PAPERS. Where the plaintiff in an action to foreclose a mortgage
has the notes and mortgage in his possession, and introduces them in
evidence, this is presumptive evidence of ownership, and is ordinarily
sufficient.

4. **Injunction Bond**: WHO MAY SUE ON: PARTY BENEFICIALLY INTER-
ESTED. A person for whose security an injunction bond must have been
intended may maintain an action thereon, though it be not payable to
him. Code, § 2552.

*Appeal from Audubon District Court.*

MONDAY, JUNE 8.

ACTION to foreclose a mortgage. The plaintiff and the
defendants, Jones, Dickey & Co. appeal.

*L. L. DeLano*, for plaintiff.

*Holmes, Nash & Phelps*, for E. S. Foster.

*Smith McPherson* and *Griggs & Adams*, for Griggs & Lundy.

*Nourse & Kauffman*, for Jones, Dickey & Co.

SEEVERS, J.—As between plaintiff and Jones, Dickey & Co. there is no serious dispute as to the facts. In 1881 the defendant Lundy executed a mortgage on real estate, which the plaintiff seeks to foreclose in this action, which will be designated as the Lombard mortgage. In 1882 Lundy sold and conveyed the mortgaged property to the defendant Foster, who agreed, as part of the consideration or purchase money, to pay the Lombard mortgage, and for the residue of the purchase money Foster executed a mortgage to Lundy. The latter commenced an action to forclose his mortgage, and therein sought to recover of Foster upon his agreement to pay the Lombard mortgage. The holder of the Lombard mortgage was not made a party to this action, and, Foster having made default, judgment was rendered against him for the amount due on the Lundy mortgage, and also for the amount due on the Lombard mortgage, and the real estate was ordered to be sold on special execution to satisfy the judgment. Such an execution was issued and the premises sold to Lundy for, as we understand, the amount due on his mortgage. A certificate of purchase was issued to Lundy, which he assigned to defendant Morrow, who assigned the same to Jones, Dickey & Co.

It will be observed that Lundy obtained a judgment against Foster for the amount due on the Lombard mortgage. This portion of the judgment was not satisfied by the sale of the

VOL. LXVI—29

real estate, and Lundy assigned that portion to the defendant Griggs, to whom Foster, under legal compulsion, paid the same. Within the period allowed to redeem from the sale to Lundy, Foster paid to the clerk the amount required to redeem from such sale, upon condition that it be applied to the payment of the Lombard mortgage, and if it could not be so applied, Foster reserved the right to withdraw said money. This action was pending at the time the money was so deposited, and Foster by his answer and cross-petition asked appropriate relief. The court rendered a judgment in favor of the plaintiff for the amount due on the Lombard mortgage, foreclosed the same, and found and determined that Foster had redeemed from the sale to Lundy, and that the money paid to the clerk, or so much as was necessary, should be applied in payment of the Lombard mortgage, and the residue was directed to be paid to Jones, Dickey & Co. The certificate of sale was canceled.

I. It is undoubtedly true that the validity or priority of the Lombard mortgage was in no manner affected by the foreclosure of the Lundy mortgage and the sale of the real estate under the decree of foreclosure. As between Lundy and Foster, the former was not entitled to recover a judgment for the amount due on the Lombard mortgage; but, conceding that he was, he was not entitled to the money when the judgment was paid. In equity it belonged to the holder of the Lombard mortgage, and Lundy could have been compelled to so apply it. The judgment, however, was valid on its face, and Foster was compelled to pay it to Griggs, to whom Lundy had assigned the judgment. That money, therefore, could not, because of such assignment, be applied to the payment of the Lombard mortgage, or if it could it was not so done. This being so, the burden in equity to pay the Lombard mortgage was shifted from Foster to Lundy, and the latter, as between them, became primarily liable; and, as the Lundy mortgage has not been paid, Foster has the right

in equity to apply that money, which would otherwise be due Lundy, to the payment of the Lombard mortgage.

It is immaterial how the money due on the Lundy mortgage was paid. It may be said that the mortgage was satisfied by the sale of the land; but Foster had the right to redeem from the sale, and, as between Lundy and Foster, the former had no right to the money paid in redemption until the Lombard mortgage was paid. Foster had the right in equity to have it so applied, for the simple reason that he had paid the amount of the Lombard mortgage to Lundy or his assignee. It seems to us that the equity of Foster is exceedingly strong and pursuasive as between him and Lundy. Such equity arose at least as early as March 10, 1883, at which time Lundy converted to his own use, by means of such assignment, money which Foster had agreed to pay, and which he had the right to have applied on the Lombard mortgage.

II. It is conceded that the certificate of purchase was not negotiable, but it was assignable, subject to such equities as

2. ——— : certificate of purchase at foreclosure sale : not negotiable.

existed between Foster and Lundy at the time it was assigned by the former, which was in December, 1883. It, however, did not become the property of Jones, Dickey & Co. until January, 1884. Counsel for Jones, Dickey Co. insist that the certificate was property, and that it was valid in the hands of Lundy, and that he had the right to sell and assign it. This is undoubtedly true; but, as we have said, there was attached to it an equity which Lundy was bound to recognize, and, as it was not negotiable, Jones, Dickey & Co. got by the assignment precisely what Lundy had, and nothing more. By the assignment it became the property of Jones, Dickey & Co., subject, however, to the equity which had attached prior to the assignment by Lundy. It is also suggested by counsel that a redemption from a sale on execution, to be valid, must be unconditional. We deem it unnecessary to determine this question, for the reason that, prior to the deposit of the money with the clerk, an agreement was entered into between

the plaintiff, Foster, and Jones, Dickey & Co., which clearly recognized the right of Foster to deposit the money, subject to the conditions attached.

III.   Counsel for Lundy insist that plaintiff was not entitled to recover a judgment against him, or to have the mortgage foreclosed, because it does not appear that the plaintiff was the holder of the notes and mortgages secured thereby.   The plaintiff had the notes and mortgages in his possession, and he introduced them in evidence.   This is presumptive evidence of ownership, which, ordinarily, is sufficient.   The signature of John W. Gest was sufficiently denied under oath, but how or in what manner it became material to prove that this signature was genuine, we are not advised.   Neither the notes nor mortgages are set out in the record, but they were given, as we understand, to James L. Lombard; and when the mortgage was offered in evidence, the only objection made was that it was immaterial and incompetent.   This objection was rightly overruled, and when the notes were offered, the objection was that there was "nothing to show on the instrument, either by assignment or otherwise, that the plaintiff is the owner and holder of the same."   But the evidence satisfactorily shows that the plaintiff purchased the notes and mortgages, and that they were his property.   This was sufficient to enable him to recover.

3. ——: foreclosure: presumption of ownership from possession of papers.

IV.   The defendant Griggs pleaded a counter-claim, based on the fact that Foster had caused to be issued an injunction restraining any proceedings under the execution issued to enforce that portion of the judgment which had been assigned by Lundy to Griggs.   The injunction was dissolved, and Griggs sought to recover the damages sustained, by reason of its issuance, of the plaintiff, who signed the injunction bond as surety for Foster.   The court held that he was entitled to recover, and awarded him damages in the sum of $125.   We think Griggs was entitled to maintain an action on the bond.   The judg-

4. INJUNCTION bond: who may sue on; party beneficially interested.

ment belonged to him, and he was the only person who suffered any damages by the issuance of the injunction. The bond, although not payable to him, must have been intended to secure to him such damages as he sustained. Code, § 2552.

We have examined the evidence, and unite in the conclusion that the amount allowed by the court is correct. Jones, Dickey & Co. must pay two-thirds, and the plaintiff one-third, of the costs in this court. The judgment of the circuit court on both appeals is

AFFIRMED.