COMMUNITY SAVINGS BANK, Appellee, v. WESTERN SURETY COMPANY, Appellant.

No. 46207.

MARCH 16, 1943.

Tom Kirby, of Sioux Falls, South Dakota, and Sharp & Roggensack, of Elkader, for appellant.

D. D. Murphy & Son, of Elkader, for appellee.

MANTZ, J.—██ This is an action brought by the Community Savings Bank, as plaintiff, against the Western Surety Company, as defendant, on a bond issued by the defendant on M. J. Gaughen, cashier of said bank, on September 30, 1935. The plaintiff asks reformation of a certain paragraph of said bond; also for a judgment against the defendant for the sum of $5,000, with interest and costs. There was a consolidation of the two cases, one law and the other equity. They were tried in one action. Judgment and decree for the plaintiff, and defendant appeals.

On September 30, 1935, appellee was engaged in the general banking business, under the laws of Iowa, at Edgewood, Clayton county, Iowa. On that date the appellant, as surety, issued on M. J. Gaughen, cashier of said bank, as principal, a fidelity bond in the penal sum of $5,000. This bond was duly approved by the officers of the bank. About April 1, 1937, the bank brought action against the cashier, charging him with various wrongful acts, misappropriation of funds and embezzlement, and about August 16, 1941, in the district court, secured a judgment against said cashier in favor of the bank for the sum of $25,000 with interest from April 1, 1937.

The record shows that at the time of this judgment various other transactions with the bank wherein said cashier was involved in wrongful acts had been wiped out and adjusted, leaving the amount still due as set forth in the judgment. Following this judgment and on May 19, 1942, the appellee herein brought action on the bond, demanding judgment for $5,000 with interest from April 1, 1937, and costs, and praying for a reformation of paragraph 10 therein.

Appellant admitted the making of the bond, admitted its liability thereunder for the sum of $3,165.62 with legal interest to May 3, 1937, and denied that said bond or any part thereof was invalid, and denied that paragraph 10 thereof was contrary to statute or was inoperative between the parties. It also alleged that it had made a tender of the sum due and that no interest could be charged on any amount found to be due thereon.

On July 22, 1942, the trial court entered judgment against the appellant herein for the sum of $5,000 with five per cent interest from April 1, 1937, and costs. There is nothing in the judgment of the trial court to indicate what action, if any, was taken by the court on the issue of reformation of the bond. The judgment was a general finding of money due.

The bond upon which this action was brought has various provisions therein. The principal controversy revolves around the validity or construction of paragraph 10 of that instrument. Said paragraph reads as follows: .

"In the event the employer's loss exceeds the amount for which the company is liable hereunder, the employer and company shall share with each other pro rata in any net recovery except recovery upon or from other suretyship for such employee, in proportion that the *amount paid* hereunder bears to the total loss."

The appellant claims that said paragraph is valid under the law and thereby restricts or limits its liability on said bond. On the other hand, appellee claims that said paragraph, under the law requiring bank officials to give bond, is invalid; that said paragraph did not express the true intentions of the parties thereto and calls for reformation.

When this bond was given appellee was operating a savings

bank under the state banking law and M. J. Gaughen was its cashier and was required to give bond. The statute governing that matter is section 9217.3, Code of 1939, as follows:

"Bonds of officers and employees. The officers and employees of any state bank * * * having the care, custody or control of any funds or securities for any such bank or trust company, shall give a good and sufficient bond in a company authorized to do business in this state indemnifying the said bank or trust company against all losses, which may be incurred by reason of any act or acts of fraud, dishonesty, forgery, theft, larceny, embezzlement, * * * until all of his accounts with the said bank or trust company shall have been fully settled and satisfied. The amounts and sureties shall be subject to the approval of the board of directors * * *."

It will be observed from the reading of this statute that the bond given was the one required by law. The bank had but two things to do in connection with this bond, i. e., fix the amount and approve the sureties thereon.

Thus, it will be seen that the bond given to appellee bank on September 30, 1935, was a statutory bond. In determining the liability of the obligor of such bond we look to the statute requiring it as well as to the provisions of the bond itself. The statute is clear that officers of a bank having care and custody of bank property or funds are liable for certain wrongful acts while performing their duties as such officers, and the bond is to indemnify the bank against any losses arising from such wrongful acts until all of the accounts of such officials with the bank have been fully settled and satisfied. The evidence shows that by reason of certain wrongful and criminal acts of M. J. Gaughen, cashier, the appellee suffered a loss of approximately $37,000, and that at the time the present action was instituted over $25,000 of such amount remained unsettled and unsatisfied.

In considering the liability of the appellant under the bond involved, we think the provisions of sections 1060 and 1061 of the Code of 1939 throw some light thereon.

Section 1060. "Liability of surety. The sureties on such bond shall be liable for all money or public property that may

come into the hands of such officer at any time during his possession of such office.''

Section 1061. ''Conditions of other bonds. All other bonds required by law, when not otherwise specially provided, shall be conditioned as the bonds of public officers.''

Under the terms of section 1061 the bond required was to be conditioned as the bonds of public officials. Such bonds are clearly statutory bonds. It is the rule in this state that provisions in a statutory bond in addition to those required by statute will be rejected as mere surplusage. Also it has been held that where a statutory bond has been given the provisions of the statute will be read into it. Fogarty v. Davis, 305 Mo. 288, 264 S. W. 879; Philip Carey Co. v. Maryland Casualty Co., 201 Iowa 1063, 206 N. W. 808, 47 A. L. R. 495; Schisel v. Marvill, 198 Iowa 725, 197 N. W. 662; United States Fid. & Guar. Co. v. Iowa Tel. Co., 174 Iowa 476, 156 N. W. 727; Whisler v. Estes, 216 Iowa 491, 249 N. W. 264; City of Charles City v. Rasmussen, 210 Iowa 841, 232 N. W. 137, 72 A. L. R. 638; Leach v. Commercial Sav. Bk., 205 Iowa 1154, 213 N. W. 517.

In the case of Philip Carey Co. v. Maryland Casualty Co., supra, at page 1070 of 201 Iowa, page 811 of 206 N. W., in discussing that subject, the court said:

''Again, and aside from this well recognized rule, it is the plain requirement of the statute itself that the provisions and requirements of the act- shall not be modified or annulled by contrary provisions in the bond.''

In the case of Schisel v. Marvill, supra, there was an extended and elaborate discussion of the matter involved, i. e., the liability of a surety on a statutory bond. In that case Judge Evans, speaking for the court, stated that the liability of a surety on a statutory bond is measured and defined by statute and that a construction of the statute is a construction of the bond. That case holds that in Iowa the rule is thoroughly well settled that in a bond, if there be added certain nonstatutory conditions and these are separable from those required by statute, they will be treated as surplusage and of no effect. In Duke v. National Surety Co., 130 Wash. 276, 279, 227 P. 2, 3, the court said:

"The corollary to this rule is that, where the bond is a statutory one, the statutory conditions which are not expressed in the bond will be inserted therein."

Applying these rules as laid down in the cited cases with the statute above set forth and paragraph 10 of the bond sued upon, it seems clear to us that such paragraph is mere surplusage; that it has no validity and cannot be construed to limit the liability of the obligor. The statute requires that the bond of M. J. Gaughen be held until all of his accounts with the appellee shall have been fully settled and satisfied. A sum greatly in excess of the penal sum of the bond is still unsettled and uncollected. Under the law, the obligor should pay such penal sum with interest and costs, as provided by the judgment of the trial court. By holding that paragraph 10 is inoperative and mere surplusage, it is unnecessary for us to give attention to the matter of the claim of reformation of said bond.

The appellant claims that allowance of interest as made by the trial court, in the face of the claimed tender, was unwarranted and in error. A proper tender would have had the effect of stopping the running of interest. As we read the record we do not find that appellant at any time made a legal tender under our statute. The court found that appellant owed to appellee the sum of $5,000 and interest and a tender of a lesser amount would not stop the running of interest. Uhl v. Maple Valley Lbr. Co., 196 Iowa 820, 195 N. W. 210. The evidence shows that at one time the appellant offered to pay the sum which it claims was due but computed that amount by using the formula of paragraph 10 of the bond. The correspondence of its attorney did not amount to a tender or an unequivocal offer. Its offer to deposit the penal sum of the bond in a bank in South Dakota would fall far short of even an offer or a tender. In paragraph 1, division 3, of its answer the defendant pleaded that it at that time tendered and had always tendered and had always been ready and willing to pay to appellee bank the sum of $3,165.62, with interest thereon to May 3, 1937, and costs, the same being the amount due upon the bond sued upon. At the trial a representative of the company, while a witness, said:

"Here today we make a tender to pay $3,165.00 by draft to

be approved by the home office, or whatever the amount is, based on the ratio. We have made the offer before, I think."

This did not amount to a tender. It was indefinite and equivocal. See Schwab v. Roberts, 220 Iowa 958, 263 N. W. 19; Simons v. Petersberger, 171 Iowa 564, 151 N. W. 392; Steckel v. Selix, 198 Iowa 339, 197 N. W. 918.

The court, after hearing, found that the appellant, at the time the action was brought, owed appellee on the bond $5,000 with interest and costs. The judgment of the trial court was right and is affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, MILLER, HALE, MULRONEY, and WENNERSTRUM, JJ., concur.

SMITH, J., takes no part.