LOUISE MICHAEL, appellee, v. TOWN OF LOGAN and the TOWN COUNCIL OF LOGAN, appellants.

No. 48876.

(Reported in 73 N.W.2d 714)

DECEMBER 13, 1955.

REHEARING DENIED FEBRUARY 10, 1956.

Michael Murray, of Logan, for appellants.

Harold E. Hanson and Roy E. Havens, both of Logan, for appellee.

GARFIELD, J.—The town council of Logan, without notice to plaintiff, canceled her class "B" beer permit on the grounds she sold beer to a minor and kept liquor in her tavern in violation of law and has been guilty of conduct inimical to the carrying out of the intent and purposes of the beer laws, chapter 124, Code, 1954. The council also fixed time of hearing before it on the forfeiture of her bond and directed notice thereof be served on plaintiff and the surety on her bond. Plaintiff then commenced this certiorari action in the district court under rules 306 et seq., Rules of Civil Procedure, claiming the council acted illegally.

The action was submitted on the pleadings and return to the writ—a transcript of the proceedings before the council. The writ was sustained. The town and its council have appealed to us.

The petition for the writ alleged the council acted illegally in revoking plaintiff's permit "in that no notice of hearing on said matter was given plaintiff as required by section 124.40, Code, 1954" and there was insufficient evidence plaintiff had violated any provision of Code chapter 124. After plaintiff received notice of the hearing on the forfeiture of her bond she amended her petition by alleging "there is no provision of law for the revocation of plaintiff's permit and forfeiture of her bond except section 124.40" and "the council was without jurisdiction to revoke plaintiff's permit and forfeit her bond without notice to plaintiff and her surety of a hearing on both the revocation and bond forfeiture as one proceeding."

Defendants' answer alleged they had jurisdiction and authority under sections 124.20, 124.30 and 124.34 to revoke plaintiff's license without notice to her and without hearing and they proceeded in accordance with said statutes in so doing. Also that defendants have jurisdiction and authority under section 124.40 to forfeit plaintiff's bond upon notice and hearing and their proceedings for bond forfeiture were in accordance with said section.

In its decision the trial court said the controlling question, as counsel agreed was whether the council's revocation of plaintiff's permit was illegal and void because it did not first provide for notice to plaintiff and hearing on said matter. The court held that while sections 124.20, 124.30 and 124.34 provide certain violations of law constitute mandatory grounds for revocation of a permit, the guilt of the permit holder with respect to such violations must first be "established in some legal manner" and since this was not done here said statutes afforded the council no authority to revoke plaintiff's permit without notice and hearing. Also that under the facts here the provisions of section 124.40 for revocation of permit and forfeiture of bond on notice and hearing were applicable, apparently to the exclusion of other statutes.

The transcript of proceedings before the council shows: The county sheriff appeared before it at a regular meeting and stated he had received numerous complaints concerning violations of the beer laws by plaintiff, several complaints were that

beer was sold to intoxicated persons, several were that liquor was kept and sold on the premises, the sheriff observed a pitcher of whiskey behind the bar at plaintiff's tavern about five weeks previously. A special agent for the state permit board appeared and said his office had received complaints concerning plaintiff's tavern, he observed a minor purchase a glass of beer in the tavern one week previously and the boy made an affidavit to such effect which was then filed with the council. The night marshal of Logan appeared and stated he had received complaints plaintiff was keeping and selling hard liquor and selling beer to intoxicated persons in her tavern. Also that he observed the minor referred to by the special agent execute the affidavit saying he had purchased beer in plaintiff's tavern. The mayor also stated the affidavit had been executed in his (mayor's) presence.

Following this showing the council unanimously adopted a resolution to cancel plaintiff's permit and directed the town marshals to take it up and return it for cancellation. As stated, the council then by unanimous vote fixed a time (one week later) and place (council chamber) of hearing upon the forfeiture of plaintiff's bond and directed that plaintiff and her surety be notified thereof. After such notice was served the trial court stayed further proceedings on the bond forfeiture.

 A license or permit (the statutes use both words) to sell beer in Iowa is a privilege granted by the State and in no sense a property right. When one obtains such a permit he does so subject to the statutory provisions under which it was issued. And if such statutes say or fairly imply the permit may be revoked without notice or hearing, the holder cannot be heard to complain if he is given none. Walker v. City of Clinton (Thompson, J.) 244 Iowa 1099, 1103, 59 N.W.2d 785, 787, and citations. See also Cleveland v. Rice County, 238 Minn. 180, 185, 56 N.W.2d 641, 644.

Chapter 124, Code, 1954, provides for issuance and revocation of beer permits. Section 124.1 makes it unlawful to manufacture for sale or sell beer unless a permit is first obtained. Sections 124.20, 124.30, 124.34 and 124.40 all provide for revocation of permits. They are too long, and it is unnecessary, to quote them here in full.

Section 124.20 provides in part it shall be unlawful to sell beer to any minor and a violation of this provision by any permit holder or any of his employees "shall be a mandatory ground for revocation of said permit * * *."

Section 124.30 states in part, "If a permit holder * * * *is convicted* of a sale of beer contrary to the provisions of this chapter or *is convicted* of bootlegging, or * * * shall *be guilty of* the violation of this chapter * * * his permit shall be revoked * * *." (Italics ours.)

Section 124.34 confers upon cities, towns and boards of supervisors the broadest power to revoke permits that is found in chapter 124. So far as pertinent here it provides they shall have power "to revoke any permit issued under their authority for a violation of any of the provisions of this chapter, * * * or for any cause which, in the judgment of the governing body, may be inimical to or prevent the carrying out of the intent and purposes of this chapter."

There is no provision in 124.20, 124.30 or 124.34 for notice to the permit holder or hearing before the permit may be revoked.

Section 124.40, under which plaintiff contends and the trial court held the council was bound to proceed, states that ten or more citizens may join in the filing, and it shall be the duty of all peace officers to file, with the board or council which granted the license, a complaint in writing, when they have knowledge of any violation of chapter 124 by any license holder, setting forth the alleged acts of violation with reasonable accuracy. When such complaint is filed the board or council shall fix a date for hearing thereon and cause notice thereof to be served on the permit holder and the surety on his bond. If it appears at the hearing the permit holder has violated any provision of the chapter for which mandatory revocation is provided, the permit shall be revoked and the bond forfeited.

The trial court was in error in holding that before a permit could be revoked under 124.20, 124.30 or 124.34 the guilt of the permit holder must first be "established in some legal manner"—presumably by conviction in court. It is true a conviction of illegal sale of beer or of bootlegging is a mandatory ground of revocation under 124.30. But this section also provides for

revocation if the permit holder is guilty of violation of chapter 124. The legislature evidently drew a distinction between a conviction in court and a finding by the council of a violation of the chapter. Walker v. City of Clinton, supra, 244 Iowa 1099, 1109, 59 N.W.2d 785, 790.

The effect of the court's holding is to read into sections 124.20, 124.30 and 124.34 a requirement the legislature did not see fit to put there that the guilt of the permit holder must first be established "in some legal manner" before the permit may be revoked. The obvious effect of such holding is also to read out of section 124.34 the important provision that the council has power to revoke "for any cause which, *in the judgment of the governing body,* may be inimical to or prevent the carrying out of the intent and purposes of this chapter." (Italics ours.)

Further, the trial court's holding just referred to and its holding the council was bound to proceed under section 124.40 fly directly in the face of our decision in Walker v. City of Clinton, supra, 244 Iowa 1099, 59 N.W.2d 785, which we are assured was called to the court's attention. The cited decision points out in some detail it is the mandatory duty of the council under sections 124.20, 124.30 and especially 124.34 to revoke a permit, without notice or hearing, if it finds chapter 124 has been violated or (under 124.34) for any cause which *in its judgment* "may be inimical to or prevent the carrying out of the intent and purposes of this chapter."

The grounds for revocation presented to the council here are fully as strong as those in the Walker case. Plaintiff has evidently abandoned the contention made in her petition there was insufficient evidence before the council she had violated chapter 124. Here, as stated, the council unanimously voted to revoke her permit. In the Walker case, incidentally, the vote was 6 to 3. Much of what we say in Walker v. City of Clinton might be repeated here. The following seems to be the most important part of the decision (at page 1107 of 244 Iowa, page 789 of 59 N.W.2d):

"Under either of these sections it [council] had a mandatory duty to revoke plaintiff's license if there was a sufficient showing of sale of beer to a minor, either by plaintiff or any employee.

But neither in 124.20, 124.30 or 124.34 is there any provision for notice or hearing. The fact that the legislature did make such requirements in section 124.40 indicates it had them in mind. By omitting them from all sections except 124.40 it clearly showed its intent they were not to be a part of 124.20, 124.30 or 124.34, or to be read into them.

"There seems a sound reason for this distinction. A reading of section 124.40 seems to show the reason for its enactment—to provide a means by which citizens, or peace officers, who thought they had evidence of violations, might compel reluctant councils or boards of supervisors to act, with an opportunity for the accused permit holder to appear and meet the charges. But when the council acts on its own motion, the legislature did not see fit to make the same requirement for notice or hearing."

And in view of the trial court's conclusions here this is also repeated from page 1111 of 244 Iowa, page 791 of 59 N.W.2d: "We think it inescapable that the legislature intended to give permit-issuing bodies wide discretion in revocations. They are not required to wait upon criminal convictions; they need not give notice or hold hearings; they are quite apparently not bound by technical rules of evidence. They need have before them only something which fairly shows cause which, in their judgment, indicates a continuation of the license will be inimical to the purposes of chapter 124."

In view of the turn the present case has taken here perhaps we have dwelt unnecessarily on the trial court's error. But the importance of the questions involved seems to justify some explanation of our views beyond a mere reference to the Walker decision. Plaintiff now concedes sections 124.20, 124.30 and 124.34 and Walker v. City of Clinton, supra, provided the council with authority to revoke her permit without notice. This is directly contrary to the principal contention stated in plaintiff's petition and to the conclusions of the district court.

Plaintiff now attempts to sustain the result reached by the trial court by arguing that since the council fixed a hearing and provided for notice on the forfeiture of plaintiff's bond it was bound to proceed by notice and hearing under section 124.40 to revoke the permit and forfeit the bond as one proceeding. This

theory was presented in an amendment to plaintiff's petition. The trial court evidently rejected it and in this respect it did not err.

From the concession plaintiff now makes it necessarily follows that if the council had not fixed a hearing on the forfeiture of her bond the revocation of her permit would be legal and strictly in accord with 124.34 and Walker v. City of Clinton, supra. And it follows with equal necessity that if plaintiff's argument in support of the result reached below were accepted there is no way in which a beer bond may be forfeited where the council acts under sections 124.20, 124.30 or 124.34 to revoke the permit issued partially in reliance on the bond. Also that if the council is to attempt to forfeit the bond it is powerless to revoke the permit, notwithstanding there are obvious grounds therefor, unless ten or more citizens or a peace officer file with it a complaint under section 124.40.

Plaintiff relies on the last sentence of section 124.9 which prescribes the conditions of a beer bond: "Said bond shall be further conditioned to the effect that the permittee and his surety, as a part of the permit granted hereunder, shall consent to forfeiture of the principal sum of said bond in event of cancellation of the permit as a result of charges filed and hearing had thereon as provided in this chapter."

This sentence prescribes a "further" condition of such a bond. It is preceded by the requirement the bond shall be "conditioned upon the faithful observance of this chapter." The terms of plaintiff's bond do not appear in the record. Upon familiar principles we may assume the bond conforms to statutory requirements. They are controlling in any event. Section 64.5, Code, 1954; Community Savings Bank v. Western Surety Co., 232 Iowa 1381, 1385, 8 N.W.2d 427, 429, and citations; Jaeger Mfg. Co. v. Massachusetts B. & I. Co., 229 Iowa 158, 161, 162, 294 N.W. 268, and citations; 11 C. J. S. Bonds, section 40e; 8 Am. Jur., Bonds, section 4.

The last sentence of 124.9 upon which plaintiff relies requires the principal and surety to consent to a forfeiture of the bond as a matter of course in the event of cancellation of the permit as a result of charges filed and hearing had. But it is not

the sole measure of liability on the bond conditioned, as it is, "upon the faithful observance" of chapter 124. Such is the effect of our decision in Williams v. Jordan (Thompson, C. J.), 243 Iowa 605, 52 N.W.2d 501, which we think answers the contention plaintiff now makes.

In the cited case no complaint was filed under 124.40. The board of supervisors revoked the permit under 124.30, evidently without notice to the holder, although she had been convicted of a violation of section 124.31. The board subsequently set a time for hearing (one week later) on the forfeiture of her bond. The surety was notified of such hearing by registered mail, not—as here—by notice served by a peace officer in the manner provided by 124.40. The district court held the board's forfeiture of the bond was illegal because the proceedings were not pursuant to 124.40. We reversed the trial court and held the forfeiture was legal notwithstanding lack of compliance with 124.40.

There is no important distinction in the facts between Williams v. Jordan and the present controversy. The conclusion to be drawn from the Williams case is that the issuing authority is not without power to forfeit a beer bond following a revocation of the permit under 124.20, 124.30 or 124.34. Plaintiff's bond must be construed in connection with that decision as well as with the provisions of statute. 11 C. J. S., Bonds, section 40e, page 421. In fixing a time of hearing on forfeiture of the bond here the council proceeded strictly in accord with our holding in Williams v. Jordan.

We now hold defendant council's revocation of plaintiff's permit was not rendered illegal by its action in fixing a time for hearing on forfeiture of her bond and prescribing notice thereof, the council did not act illegally within the meaning of rule 306, Rules of Civil Procedure, in fixing such hearing and plaintiff is entitled to no relief in this action.—Reversed.

All JUSTICES concur.