In re City of Sioux City, Iowa, appellant, v. Tri-Angle
Club, Inc., et al., appellees.

No. 50019.

(Reported in 105 N.W.2d 638)

October 18, 1960.

John T. O'Brien, of Sioux City, for appellant.

Frank J. Margolin, Frank Jacobs and John Vizintos, all of
Sioux City, for appellees.

THORNTON, J.—The question presented here is the extent of the power granted to city councils and boards of supervisors to forfeit bonds posted by holders of class "B" club beer permits.

The appellant, City of Sioux City, through its council issued a class "B" permit for the sale of beer, pursuant to sections 124.15 to 124.18, Code of Iowa, 1954 (all references are to the 1954 Code), to appellee Tri-Angle Club, Inc. The club posted bond as required by section 124.18 with appellee Hartford Accident and Indemnity Company as surety. Thereafter on September 18, 1956, one of the club employees was charged with maintaining a liquor nuisance on the premises under state statute. On September 24, 1956, the chief of police of Sioux City filed a complaint with the city council alleging the violation. A hearing was held pursuant to notice and the council passed a resolution revoking the class "B" permit and forfeiting the bond. The resolution further provided for the certification of the resolution to the clerk of the district court to obtain the summary judgment provided in section 124.40.

The club and its surety appealed to the district court. It is noted in their petition they allege in Paragraph XIII that this appeal is taken under the provisions of the 1954 Code of Iowa including but not limited to section 124.40. The district court held the resolution was null and void insofar as it purports to forfeit the bond. We agree with this result.

I. Prior to 1941 section 124.9, then section 1921.104 of the 1939 Code, provided for a bond by a class "B" permit holder conditioned upon the faithful observance of that chapter, in the sum of one thousand dollars. Section 124.18, then section 1921.113, provided for clubs obtaining class "B" permits to post a bond conditioned upon the faithful observance of that chapter, the bond to be in the sum of one thousand dollars. Section 124.14, then section 1921.109, providing for special class "B" permits for trains, required a bond conditioned upon the faithful performance of that chapter in the penal sum of one thousand dollars. There was no provision for forfeiture of the bond by action of the issuing authority, it was left to an action on the bond upon the condition being broken. O'Brien County v. Mahon, 126 Iowa 539, 102 N.W. 446; State v. Wipke,

345 Mo. 283, 133 S.W.2d 354; 11 C. J. S., Bonds, section 99, page 466, section 130, page 510; and 8 Am. Jur., Bonds, sections 64, 65, page 733.

In 1941 the Forty-ninth General Assembly reduced the amount of the bond in subsection 3 of section 124.9 from $1000 to $500 and added, "* * * Said bond shall be further conditioned to the effect that the permittee and his surety, as a part of the permit granted hereunder, shall consent to forfeiture of the principal sum of said bond in event of cancellation of the permit as a result of charges filed and hearing had thereon as provided in this chapter" and enacted what is now section 124.40. This section provides in addition to all other provisions for the revocation of class "B" permits ten or more citizens may file a complaint with the council or board, and a peace officer, with knowledge of any violations, shall file a complaint with the council or board issuing the permit setting forth the alleged violation. The council or board shall hold a hearing upon notice as provided, "* * * and if it appears that the permit holder has violated any provision of this chapter for which mandatory revocation is provided, the board or council shall immediately revoke said license [used interchangeably with permit in chapter 124], and the bond of the permit holder provided for in section 124.9, shall be forfeited and its principal or penal sum shall become immediately due and payable * * *."

The section further provides for the certification of the order of forfeiture to the clerk of the district court and directs the clerk to enter judgment in favor of the issuing authority for the principal sum of the bond. Section 124.18 was not changed.

It is clear the Forty-ninth General Assembly has provided for the council or board to act as a tribunal to decide the question of revocation of permits and forfeiture of bonds under the circumstances set forth in the statute and provided for the judgment of forfeiture to be entered in the district court, and at the same time provided in section 124.9 for the bond to be further conditioned upon the consent of the permit holder and his surety to a forfeiture of the bond in the principal sum under the circumstances set forth in section 124.40, as well as reducing the bond from $1000 to $500.

The general assembly did not see fit to extend this summary proceeding to cover club bonds provided for in section 124.18 or to bonds posted by trains pursuant to section 124.14. The method of recovering on a bond has not been changed as to bonds posted under section 124.18. The provisions of section 124.40 are not available to appellant here.

II. Appellant-City also urges it has the power to enact an ordinance forfeiting a class "B" beer bond executed by a club where there is a subsequent violation of state or city law in reference to alcoholic liquors. Our attention is directed to chapter 115.11 of the 1943 Municipal Code of Sioux City which provides class "B" beer bonds are to be further conditioned to the effect, the permittee and his surety consent to the forfeiture of the principal sum of the bond in the event of cancellation of the permit as a result of charges filed and hearing had thereon as provided therein, and we are urged to read this provision into the bond. If we assume the ordinance is broad enough to include ordinary class "B" beer bonds and class "B" club bonds we run into two obstacles. The first is the further condition is rendered meaningless by the portion thereof reading as follows: "* * * as a result of charges filed and hearing had thereon as provided herein." We are not directed to an ordinance so providing. If one were enacted similar to section 124.40 it could not be allowed to stand.

The power to establish tribunals or courts is left solely with the legislature. Iowa Constitution, Article V, section 1. And the second is the parties have by their pleadings and stipulation of facts stated the bond was posted as required by section 124.18. There is no indication it was posted pursuant to the ordinance. The bond by its terms is only conditioned upon the faithful observance of the provisions of chapter 124 and of any ordinance adopted by the City or regulation by the board of supervisors under the provisions of chapter 124. If this bond was posted pursuant to a valid ordinance requiring a further condition or section 124.9 it would be our duty to read such provisions into the bond. Section 64.5; and Michael v. Town of Logan, 247 Iowa 574, 581, 73 N.W.2d 714, 718, and citations.

48

III.　Costs are taxed to appellant except printing costs incurred by appellees in excess of $1.50 per page.—Affirmed.

All Justices concur.