## 19389

John A. RABON, Respondent, v. The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT and E. P. Austin, Jr., Director, Motor Vehicle Division, Appellants.

(187 S. E. (2d) 652)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *C. Tolbert Goolsby, Jr., Edwin B. Brading, Asst. Attys. Gen.,* of Columbia, *for Appellants,*

*Messrs. Kneece, Kneece & Brown,* of Columbia, *for Respondent.*

March 14, 1972.

LEWIS, Justice.

Respondent has twice violated Section 46-343 of the 1962 Code of Laws, which makes it unlawful to operate a motor vehicle while under the influence of intoxicants. The question to be decided is whether respondent's last violation constituted a first or second offense for the purpose of suspending his driver's license, wthin the meaning of Code Section 46-348.

Appellant, South Carolina Highway Department, is required under Section 46-348 to "suspend the driver's license

of any person who is convicted, receives sentence upon a plea of guilty or *nolo contendere* or forfeits bail," for operating a motor vehicle while under the influence of intoxicants, etc. The period of license suspension depends upon the number of the offense. For a first offense the license is suspended for a period of six months, and twelve months for a second offense. However, in determining the number of the offense for the purpose of license suspension, the statute provides that those violations occurring more than ten years prior to the last violation shall not be considered. The exact wording of the statute in this regard is as follows:

"Only those violations which occurred within a period of ten years including and immediately preceding the date of the last violation shall constitute prior violations within the meaning of this section."

The present controversy arises from a dispute as to whether respondent's second offense occurred within ten years of the first within the meaning of the quoted statutory provision.

Respondent's first violation occurred on September 5, 1960, with the date of conviction prior to October 20, 1960. The second violation occurred on August 29, 1970, with conviction for that offense on October 19, 1970. It is undisputed that the last *violation* occurred within ten years after the first violation. It is also conceded that the last *conviction* occurred more than ten years after both the first violation and conviction in 1960.

Therefore, if the date of the *violation* is the date by which the ten year period is to be determined, the last offense by respondent constituted a second offense under the statute. And if the date of *conviction* is the determining date, the last offense would be a first because the first violation and conviction was more than ten years prior thereto.

Appellant adopted the view that prior offenses must be determined under the statute from the *date of violation* and accordingly suspended respondent's driver's license for a

period of twelve months for a second offense. Respondent thereafter brought this *mandamus* proceeding to require the appellant to reduce the period of the license suspension to six months, taking the position that the *date of conviction*, and not the date of the violation, must be used in determining prior offenses. The lower court upheld respondent's contention and granted the relief sought, from which the Highway Department has prosecuted this appeal.

The lower court found that the statutory provision in question was ambiguous and that, by considering it and Code Sections 46-347 and 46-349 *in pari materia,* reached the conclusion that the word "violation," as used in the statute, meant "conviction," thereby rendering the *date of conviction* the date for determining whether prior offenses fall within the preceding ten year period. There is nothing in the statutes even remotely suggestive of such interpretation.

The above quoted statutory provision plainly and clearly states that only those *violations* which have occurred within a period of ten years preceding the *date of the last violation* shall be considered in determining prior offenses.

The word "violation" has an ordinary and popular significance. It means the act of breaking, infringing, or transgressing the law—in this instance, the law prohibiting one from driving under the influence of intoxicants, etc. The phrase "date of the last violation" therefore means the date of the actual driving under the influence, admittedly, August 29, 1970, which was within ten years of September 5, 1960, the date of the first violation. There is nothing in the statutes to suggest that the word "violation" was used in other than its ordinary significance.

There is no basis for the application of the rule as to the construction of statutes in *pari materia.* That rule may be applied where there is an ambiguity to be resolved and not where, as in this case, the meaning of the statute is clear and unambiguous. *State ex rel. Frier v. State Board of Education,* 179 S. C. 188, 183 S. E. 705.

Since the prior violation by respondent was within ten years of his last violation, the Highway Department properly suspended his license for a period of twelve (12) months under the provisions of Section 46-348.

The judgment of the lower court is accordingly reversed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.