STATE of Iowa, Appellant,

v.

William HOCKER, Appellee.

No. 54398.

Supreme Court of Iowa.

Sept. 19, 1972.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Barry M. Anderson, Deputy County Atty., for appellant.

N. E. McManus, Keokuk, for appellee.

PER CURIAM:

Defendant, William Hocker, was charged with the crime of hunting by artificial light contrary to Code section 109.93. A jury found him not guilty and the trial court entered a judgment of acquittal. On the State's appeal we reverse. We do not remand as defendant has been in jeopardy. Code section 793.9.

The State contends trial court erred in giving instruction 10 to which timely specific objections were made. Instruction 10 was:

"It is the defendant's contention that he was on the premises in question at the time charged in the Information at the request and with the knowledge of the owner of said premises for the purpose of tracking down animals that had been killing domestic animals of the owner of said premises.

"If the jury finds this to be a fact, then your verdict should be not guilty."

Code section 109.93 under which defendant was charged, tried and acquitted provides in pertinent part:

"It shall be unlawful to throw or cast the rays of a spotlight, headlight or other artificial light on any highway, or in any field, woodland, or forest for the purpose of spotting, locating or taking or attempting to take or hunt any animal, except raccoons or other fur-bearing animals when treed with the aid of dogs, while having in possession or control, either singly or as one of a group of persons, any firearm, bow or other implement whereby game could be killed."

Where a statute is plain and the meaning clear, courts are not permitted to search for its meaning beyond its expressed terms. We are not permitted to write into the statute words which are not there. Dingman v. City of Council Bluffs, 249 Iowa 1121, 1126, 90 N.W.2d 742, 746; In re Adoption of Alley, 234 Iowa 931, 934,

14 N.W.2d 742, 744; Eysink v. Board, 229 Iowa 1240, 1244, 296 N.W. 376, 378, and citations.

 Section 109.93 clearly states the only exception to the prohibition against hunting by artificial light. It has no application to the facts shown in this case. Dogs were not being used. No treed animal was being pursued. It was error to instruct on an exception to the statute which is plainly not present in its language.

Reversed but not remanded.