Donald D. COCHRAN, Administrator of the estate of Shirley Cochran, deceased, Larry Cochran, as surviving spouse and as father and next friend of Shae Allen Cochran and Lee Hayword Cochran, Appellees,

v.

Ralph C. LOVELACE et al., Appellant.

No. 55354.

Supreme Court of Iowa.

July 3, 1973.

Gerry M. Rinden, of Klockau, McCarthy, Schubert, Lousberg, Ellison & Rinden, Rock Island, Ill., and Roy A. Golden, of Wasker, Sullivan, Golden, Wheatcraft & Ward, Des Moines, for Ralph C. Lovelace and Sharon K. Davis (defendants and not appealing) and for Merchants Mutual Bonding Co., appellant.

Ed Skinner, of Irish & Skinner, Altoona, for appellees.

Thomas P. Hyland, Des Moines, for Ralph Edward Jackson (defendant and not appealing).

RAWLINGS, Justice.

Plaintiffs instituted a dram shop action under The Code 1966, chapter 123 (Iowa Liquor Control Act) against defendants, liquor suppliers and surety on their bond. From trial court order overruling defendant surety's motion to dismiss as to it this appeal is permissibly taken. We reverse.

To the extent here relevant plaintiffs, by their six division petition, seek redress from defendants as liquor licensees and permittees (licensees). Also made a party defendant is Merchants Mutual Bonding Company (Merchants), surety on the statutory bond posted by said licensees.

Defendant Merchants, in its motion to dismiss, asserts it appears to a certainty plaintiff has failed to state a claim on which any relief may be granted under any statement of facts which could be proved in support of his action brought pursuant to provisions of The Code, 1966, chapter 123 as amended.

In resistance to said motion plaintiffs contend Code § 613.1 instantly affords an avenue of relief under the pari materia rule.

I. It must be inceptionally conceded this is an action not recognized at common law, being foundationed on statutory authority alone. See Williams v. Klemesrud, 197 N. W.2d 614, 616 (Iowa 1972); Wendelin v. Russell, 259 Iowa 1152, 1158, 147 N.W.2d 188 (1966) and citations; 45 Am.Jur.2d, Intoxicating Liquors, § 553; 48 C.J.S. Intoxicating Liquors §§ 430–432.

II. The accident upon which plaintiffs' case is predicated occurred June 23, 1970. Thus Code chapter 123, invoked by plaintiffs, is applicable and § 123.95 provides:

"Every husband, wife, child, parent, guardian, employer or other person who

shall be injured in person or property or means of support by any intoxicated person or resulting from the intoxication of any such person, *shall have a right of action, severally or jointly against any licensee or permittee* who shall sell or give any beer or intoxicating liquor to any such person while he is intoxicated, or serve any such person to a point where such person is intoxicated for all damages actually sustained. (Emphasis supplied).

"Every liquor control licensee shall furnish proof of financial responsibility either by the existence of a liability insurance policy or by posting bond in such amount as determined by the commission."

■ We are satisfied this Act, as it relates to parties against whom the instant action can be brought is so clear, complete and free from ambiguity as to preclude any judicial construction. See Iowa R. Civ.P. 344(f)(13); State v. Hocker, 201 N.W.2d 74 (Iowa 1972); McKillip v. Zimmerman, 191 N.W.2d 706, 709 (Iowa 1971); State Ex Rel. Turner v. Koscot Interplanetary, Inc., 191 N.W.2d 624, 631 (Iowa 1971); Davenport Water Co. v. Iowa State Commerce Com'n, 190 N.W.2d 583, 594–595 (Iowa 1971); Estate of Brauch v. Beeck, 181 N.W.2d 132, 134 (Iowa 1970); State v. Valeu, 257 Iowa 867, 869–870, 134 N.W.2d 911 (1965).

■ As aforesaid, however, plaintiffs urge § 123.95 must be construed with other statutes in pari materia, citing § 613.1. By this argument plaintiffs merely seek to invoke a specific rule of statutory construction which, as denoted above, is inapplicable when the statute is clear, complete and free from ambiguity.

As concisely stated in 82 C.J.S. Statutes § 366b, at 813:

"The general rule that the meaning of a statute may be determined from its construction in connection with other statutes in pari materia is not one of

universal application, but is resorted to only in search of legislative intent; and the rule cannot be invoked where the language of a statute is clear and unambiguous."

See also General Electric Co. v. Southern Construction Co., 383 F.2d 135, 138 (5th Cir. 1967), cert. den. 390 U.S. 955, 88 S.Ct. 1049, 19 L.Ed.2d 1148; Rabon v. South Carolina State Highway Dept., 258 S.C. 154, 187 S.E.2d 652, 654 (1972); 2 Sutherland, Statutory Construction, § 5201, n. 1 at 529 (3d ed., Horack, 1943); 50 Am.Jur., Statutes, § 348 at 345.

■■ If the General Assembly, in enacting § 123.95, had meant that actions such as this be brought against licensees or permittees *and* their surety it could easily have so provided. This it did not do. See Hartman v. Roberts-Walby Enterprises, Incorporated, 17 Mich.App. 724, 170 N.W. 2d 292, 293–294 (1969).

It is evident the legislature intended any action such as is here before us be brought only against an offending licensee or permittee. The Act says what it means and means what it says. See Williams v. Klemesrud, 197 N.W.2d at 616.

Furthermore, plaintiffs neither contend nor could they plausibly urge that Merchants is a licensee or permittee under Code chapter 123.

III. Since plaintiffs lean heavily on Curtis v. Michaelson, 206 Iowa 111, 219 N.W. 49 (1928), in support of their position, we find it appropriate to here distinguish that case.

Curtis initially brought action in tort against Michaelson for damages occasioned as a result of being struck by a defendant operated public motor bus. Michaelson had, however, left the state after disposing of his property so that service of process could not be had upon him in this jurisdiction. The petition was then amended to join Michaelson's liability insurer under The Code 1927, § 5105–a26, which provided, the "insurance bond shall bind the

obligors thereunder to make compensation for injuries to persons * * * resulting from the operation of such motor carrier." Defendant insurer demurred on the ground no liability accrued as to it until judgment was granted against its assured. Trial court sustained the demurrer and appeal followed. This court, in reversing, held that under these peculiar circumstances the injured party plaintiff could sue directly the tort feasor's insurance carrier.

We find *Curtis* neither persuasive nor controlling on the issue now before us. In the first place, *Curtis* dealt with The Code 1927, § 5105–a26, a statute which *implemented* the common law. Distinguishably, in the case at bar, we deal as aforesaid with a statute *creating* a cause of action unknown to common law. Furthermore, the holding in *Curtis* was limited to an absconding tort feasor situation, not instantly involved. That holding was later recognized by legislative enactment [1] and subsequently accorded judicial confirmation.[2] Finally on this subject *Curtis* dealt with a statute so general in terms as to invite judicial construction, instantly precluded for reasons heretofore stated.

IV. As aforesaid, plaintiffs' action against Merchants is statutorily foundationed and this court is accordingly restricted. Stated otherwise, Merchants is made a party defendant upon the bare allegation it is surety on a bond posted by it on behalf of licensee pursuant to Code chapter 123, the conditions of that bond being unknown. We therefore express no view as to the result had plaintiff sought redress from Merchants predicated upon terms of the bond and correspondent obligations, if any, on the part of Merchants to plaintiffs.

V. Mindful of the foregoing we now hold, plaintiffs could not be instantly accorded any relief sought as against Merchants. See Iowa R.Civ.P. 104(b); In re

Lone Tree Com. School Dist. of Johnson & Louisa, 159 N.W.2d 522, 525 (Iowa 1968). In light of the foregoing, if Knott v. Peterson, 125 Iowa 404, 101 N.W. 173 (1904) be deemed in conflict with the result instantly reached it is, to that extent, hereby overruled.

The motion to dismiss filed by defendant Merchants Mutual Bonding Company should have been sustained.

Reversed.

MOORE, C. J., and MASON, Le-GRAND and REES, JJ., concur.

UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ., dissent.

REYNOLDSON, Justice (dissenting).

Majority reasons § 123.95, The Code, 1966, grants the injured person a cause of action against the licensee or permittee and, because such action is in derogation of common law, there can be no independent or co-extensive cause of action against licensee's bondsman. Such concept of strict construction of statutes in alleged derogation of common law of course violates § 4.-2, The Code. But the fallacy in that rationale is further pinpointed by the query: then where else in the code is the injured party given recourse against the statutory bondsman?

The necessary implication left by majority's opinion is that the right of action against the statutory bondsman, not being found in the code, must be fixed by the terms of the bond. Assuming but not conceding the surety can thus control its own liability, majority must necessarily be hypothesizing bond terms which are not before us.

I. Here the injured party pleaded, without specifying its terms, there was a bond.

1. 1929 Session of the Forty-Third General Assembly, ch. 130, § 1 (embodied in The Code 1966, § 325.26).

2. Schulte v. Great Lakes Forwarding Corp., 228 Iowa 1012, 291 N.W. 158 (1940).

The bonding company admitted this by moving to dismiss the petition. Sitzler v. Peck, 162 N.W.2d 449 (Iowa 1968).

A motion to dismiss is only sustainable where it appears to a certainty that a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him. Rick v. Boegel, 205 N.W.2d 713 (Iowa 1973). The bond in the instant case, when secured and placed in evidence, may prove beyond dispute the injured party has an original right of action. It might well contain the same terms as the bond in Knott v. Peterson, 125 Iowa 404, 405, 101 N.W. 173 (1904):

"As the bond was conditioned to pay all damages resulting from the sale of liquors by Peterson, and not to pay any judgment which might be rendered against him, and Peterson and his surety were jointly and severally liable thereunder, there was no necessity for making Peterson a party, nor for a judgment against him as a condition precedent to a right of action against the fidelity and guarantee company. This is fundamental doctrine. Code, § 3465 [now § 613.1, The Code, 1973]."

*Knott* is summarily overruled without explanation by majority. A few thoughtful words would surely have been appropriate upon the demise of what we once considered a "fundamental doctrine."

The bonding company makes no issue concerning unknown provisions of the bond identified in the petition. The language of the statute constituted the sole ground of its motion to dismiss:

"That said Statute, by its terms, does not provide a right of action against a bonding company, as under the terms of the statute, recovery is permitted only against 'licensees or permittees.' ".

II. Majority's premature emasculation of plaintiff's action does more than overreach the narrow issue raised by the motion. Majority's decision unnecessarily frustrates the legislature's design in chapter 123, The Code.

Central to the construction of chapter 123 should be the public policy declaration found in § 123.1:

"This chapter * * * shall be deemed an exercise of the police power of the state, for the protection of the welfare * * * and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose * * *."

The legislative concern for welfare of persons incurring injury through liquor traffic was expressed in § 123.95, The Code, 1966. In this section, which first provided for the right of injured persons to damages, the legislature obviously thought it was insuring payment of those damages:

"Every liquor control licensee shall furnish proof of financial responsibility either by the existence of a liability insurance policy or by posting bond in such amount as determined by the commission."

It is not apparent in § 123.95 the legislature was concerned with the interests of licensees, or insurance and bonding companies. Yet majority's result mandates additional litigation for a damaged person where the principal is insolvent, and where he absconds before suit (after holding inapplicable Curtis v. Michaelson, 206 Iowa 111, 219 N.W. 49), no recovery at all.

When construing § 123.95 we should consider the purpose to be served and the evil sought to be remedied. State v. Guardsmark, Inc., 190 N.W.2d 397 (Iowa 1971); Chicago & North Western Ry. Co. v. City of Osage, 176 N.W.2d 788 (Iowa 1970). It is more realistic, in view of the legislature's stated public policy, to interpret § 123.95 to require a third-party beneficiary type policy or bond for the express protection of injured persons. There is nothing before us to indicate this is not the

precise interpretation placed on the statute by the Iowa liquor control commission, which has power to prescribe the bond terms. Section 123.17(2)(d), The Code; Liquor Control Commission rule 6.21(8), 1971 I.D.R. 574.

But apparently majority reads into this undisclosed bond only terms indemnifying the *licensees* against loss by way of reimbursement for monies paid or which must be paid, and in addition, the "no-action" provision commonly found in automobile insurance policies. This approach denies the rights of persons entitled to primary protection under § 123.95 and violates the fundamental rule, which must have been known to the legislature, that the surety's liability accrues simultaneously with that of the principal. 50 Am.Jur., Suretyship § 183, p. 1023, § 188, at p. 1025; 72 C.J.S. Principal and Surety § 249, p. 700. It also violates our rule that facts not appearing in a pleading, excepting those of which judicial notice must be taken, must be ignored in ruling on a motion to dismiss. Ke-Wash Co. v. Stauffer Chemical Company, 177 N.W.2d 5 (Iowa 1970).

Even under the type of "liability" insurance intended by this statute, liability of the licensee and insurer should arise concurrently:

"Under some policies which insure directly against liability, insurer's liability accrues immediately on the occurrence of the injury or event on which the liability depends, and does not depend on the recovery of a judgment by the injured person against insured."—45 C.J.S. Insurance § 930, pp. 1050–1051.

We are here concerned with a bond required by statute. Long ago, we judicially declared if the law has made such an instrument necessary, the parties are deemed to have had the law in contemplation when the contract was executed. Philip Carey Co. v. Maryland Casualty Co., 201 Iowa 1063, 206 N.W. 808 (1926). The statutory intendment shall be read into it. Michael v. Town of Logan, 247 Iowa 574, 73 N.W.

2d 714 (1955); § 64.5, The Code; 12 Am. Jur.2d, Bonds § 26, pp. 495–96; 11 C.J.S. Bonds § 40, pp. 421–422.

III. Majority insists because § 123.95 "says what it means and means what it says" no consideration need be given to other pertinent statutes.

It is apparent § 123.95 imposed a liability on licensees and, by requiring a liability insurance policy or bond, on a surety. Crucial to the issue of proper parties defendant is the question whether the surety's liability is secondary or arises concurrently with that of the principal.

Majority's constraint on application of the *pari materia* rule has no support in the Iowa cases. Applicable in this situation is our rule that statutes relating to the same subject matter or to closely allied subjects must be construed, considered and examined together in the light of their common purposes and intent, so as to produce a harmonious system or body of legislation. Wonder Life Company v. Liddy, 207 N. W.2d 27 (Iowa, filed April 25, 1973); Chicago & North Western Ry. Co. v. City of Osage, supra; Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co., 165 N.W.2d 771 (Iowa 1969). If by any fair and reasonable construction prior and later statutes can be reconciled, both should stand. In re Klug's Estate, 251 Iowa 1128, 104 N. W.2d 600 (1960).

The question of proper joinder of defendants in this type case is specifically answered in two other prior enactments. There is no irreconcilable conflict between § 123.95, The Code, 1966, and rule 3, Rules of Civil Procedure, which would require striking down the latter:

"When a bond or other instrument given to the state * * * or to any officer or person, is intended for the security of the public generally, or of particular individuals, action may be brought thereon, in the name of any person intended to be thus secured, who has sustained an injury in consequence of a

breach thereof, except when otherwise provided."

Rule 3, R.C.P. was § 10982, The Code, 1927 when this court in Curtis v. Michaelson, supra, considered it *in pari materia* with § 5105–a26, The Code, 1927 and concluded the injured party might initially sue the liability insurance bond obligor. Majority strains to distinguish *Curtis,* holding its logic unpersuasive in this case. But there is no reason to reject the rationale of *Curtis,* which requires that rule 3, R.C.P. be applicable here, if we are willing to say (under the language of that rule) the § 123.95 "bond or other instrument" was intended for the benefit of "the public generally, or of particular individuals" and not for the benefit of licensees and bonding companies.

It is of no significance that the injured party is not specifically named in the bond. One suffering damage at the hands of another who is required to give bond, by reason of breach of the bond, may bring action on the bond regardless of who is named obligee therein. Scott v. Feilschmidt, 191 Iowa 347, 182 N.W. 382 (1921) (policeman's bond) ; Van Gorder v. Lundy, 66 Iowa 448, 23 N.W. 918 (1885) (injunction bond) ; see Zapf v. Ridenour, 198 Iowa 1006, 200 N.W. 618 (1924) (broker's bond). As early as 1881 a single suit was being maintained in Iowa against both a dramshop licensee and a surety who gave bond to pay any damage any person might sustain by reason of licensee's sale of beer and liquor. Richmond v. Schickler, 57 Iowa 486, 10 N.W. 882.

Bearing further on the issue of proper parties defendant is § 613.1, The Code:

"Where two or more persons are bound by contract or by * * * statute, whether jointly only, or jointly and severally, or severally only * * * the action thereon may, at the plaintiff's option, be brought against any or all of them. * * *."

Section 613.1 has been the law of this state since The Code of 1851. The legislature is presumed to have known the law when in 1965 it enacted what became § 123.95, The Code, 1966. It was not necessary to specifically say the injured party could sue the bonding company, since that was clear under the existing law once the injured person has a cause of action against the licensee. A logical construction of § 123.95, in light of § 613.1, can only result in interpreting that statute to impose, as a minimum, liability severally on the principal (licensee) and the surety. Under § 123.95 it is clear that action may be simultaneously brought and maintained against both.

IV. It is true with respect to automobile liability insurance this court in 1924 held the insurer could not be sued in the same action with the insured. Aplin v. Smith, 197 Iowa 388, 197 N.W. 316. The *Aplin* rule became embalmed as an exception to the general part of rule 28, R.C.P. The rationale of that decision, articulated in the rule, is found at 197 Iowa 392, 197 N.W. 318:

"The contract of insurance is a *contract of indemnity,* and the liability arising thereunder is such as usually arises out of a contract of indemnity which is in its very nature distinguishable from an existing liability assumed by a third party. * * * The insurer's liability was assumed for the *protection of the insured* and to *indemnify him* against such loss or damage as might subsequently result from the operation of his motor bus." (Emphasis supplied.)

On the face of it, such reasoning applied to modern conditions has not been without devastating analysis. Shingleton v. Bussey, 223 So.2d 713 (Fla.1969). But a logical holding in the case before us need only distinguish *who* the legislature was intending to protect by § 123.95, The Code.

I say it was not the licensee or bonding company. The instrument contemplated by that section is not to *indemnify* the *licensee* from loss or damage. It was not required for *his* protection, but for the protection of persons injured by liquor traffic.

*Aplin* and the second sentence in rule 28, R.C.P., have no application in these circumstances. There is no logical reason to conclude the principal and surety cannot both be sued in the same action in the case before us.

I would affirm the trial court.

HARRIS and McCORMICK, JJ., join this dissent.

UHLENHOPP, Justice (dissenting).

I join in division I of Judge Reynoldson's dissenting opinion. The accrual of a cause of action against the obligor in a bond depends upon the terms of the bond. 12 Am.Jur.2d Bonds § 34 at 500; 11 C.J.S. Bonds § 104a at 469. Section 123.95 of the 1971 Code (§ 123.92 of the 1973 Code) appears broad enough to authorize the commission to accept a bond permitting the obligor to be sued either (a) only after judgment is obtained against the licensee or (b) merely if the licensee is liable. Insurance law is analogous here, and under that law, "The injured person may proceed directly against insurer before or after obtaining a judgment against insured where this is permitted by the terms of the policy." 46 C.J.S. Insurance § 1191b, at 109. Cf. 45 C.J.S. Insurance § 930 at 1051 ("Where the policy does not provide for a particular mode of establishing liability, insurer is liable on the happening of a specified contingency insured against, irrespective of whether or not the insured person seeks to enforce liability of insured.").

A petition is vulnerable to a motion to dismiss only if the plaintiff could not recover under any state of facts provable under his petition. Rick v. Boegel, 205 N.W.2d 713 (Iowa). The present petition is broad enough to permit proof of a bond conditioned only on liability of, as distinguished from judgment against, the licensee.

The trial court rightly overruled the motion. The judgment should be affirmed.